UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BUNGE AGRIBUSINESS SINGAPORE
PTE. LTD.,

                 **Petitioner,**

   - against -

SAN HE HOPE FULL GRAIN OIL FOODS
PRODUCTION CO. LTD.,

             **Respondent.**

-------------------------------------------------------X



**MEMORANDUM
OPINION AND ORDER**

**09 Civ. 4708 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      Petitioner, Bunge Agribusiness Singapore Pte. Ltd ("Bunge"), has

moved for an order confirming five foreign arbitral awards entered against

Respondent, San He Hope Full Grain Oil Foods Production Co., Ltd ("San He"),

for an award of attorney's fees and costs associated with bringing this motion, and

for a judgment to be entered against San He in the amount due under the arbitral

awards, plus accrued interest.[1] San He did not oppose or otherwise respond to

---

    [1]     *See* Notice of Motion to Confirm Foreign Arbitral Awards ¶ 1.

Bunge's motion.  For the reasons stated below, this court awards Bunge

$37,538,614.43 as well as attorney's fees and costs incurred in this confirmation

proceeding.

## II.    BACKGROUND

On December 2, 2003, Bunge and San He entered into five contracts.[2]

Each contract required Bunge to sell and San He to purchase 55,000 metric tons of

Brazilian soybeans.[3]  Additionally, each contract contained an arbitration clause

that states in relevant part:

> Should any dispute arise between the contracting parties to which
> no agreement can be reached, those disputes shall be settled by
> arbitration, which shall take place in London as per [the
> Federation of Oils, Seeds, and Fats Associations Ltd.
> ("FOSFA")].  The award given by the organization concerned
> shall be final and binding upon both parties.  The fees for the
> arbitration shall be borne by the losing party.[4]

Disputes arose between Bunge and San He regarding the performance

---

[2]    *See* 8/20/09 Declaration of Michael O. Hardison, petitioner's counsel, in Support of Petitioner's Motion to Confirm the Foreign Arbitral Awards ("Hardison Decl.") ¶¶ 8-12.

[3]    *See id.*

[4]    Sales Contract Nos. S03-579, S03-581, S03-583, S03-585, & S03-586, Exs. 1-5 to Petition for an Order Confirming Foreign Arbitral Awards ("Petition").

under all five contracts.[5]  As required, the disputes were submitted for arbitration

in London under the terms of FOSFA and five separate arbitrations were held.[6]  In

each arbitration, the First Tier Tribunal entered an award in favor of Bunge and

against San He.[7]  San He appealed all five First Tier Tribunal arbitration awards.[8]

Between July 28, 2008 and December 18, 2008, the Board of FOSFA

issued Arbitration Appeal Award ("Award") Nos. 956, 957, 959, 960, and 965, all

finding in favor of Bunge.[9]  All five Awards direct San He to pay Bunge damages

for breach of contract, plus compound interest at a rate of 6% per annum, pro rata,

calculated quarterly;[10] attorney's fees and costs Bunge incurred as a result of the

First Tier arbitrations and the Appeals;[11] and Bunge's trade representative fees.[12]

---

[5]     See Hardison Decl. ¶ 13.

[6]     See id. ¶¶ 14-15.

[7]     See id. ¶ 15.

[8]     See id. ¶ 16.

[9]     See Exs. 6-10 to Petition.

[10]     The total damages under Arbitration Appeal Award ("Award") Nos. 956, 957, 959, and 960 are $20,561,750.00, interest to accrue from June 29, 2004 until the date of payment. See Exs. 7-10 to Petition. The damages under Award No. 965 are $7,742,046.88, interest to accrue from June 12, 2004 until the date of payment. See Ex. 6 to Petition.

[11]     Bunge states that it paid a total of $113,240.64 in costs associated with the arbitrations. See Hardison Decl. ¶¶ 18-26. Bunge estimates that it paid

3

Award No. 956 notes that San He paid Bunge a performance deposit of $723,050.00 on Contract No. 203-581 and directs Bunge to credit San He the amount of the performance deposit "*after* damages, interests and all costs, fees and expenses of the arbitration have been determined."[13]  Award No. 965 notes that San He paid Bunge a performance deposit of $731,500.00 on Contract No. S03-579 and directs Bunge to deduct the performance deposit from the damages award "*prior* to calculating Interest Charges."[14]

Currently, all five Awards are final under English law and no proceedings are pending in England to contest the validity of any of the awards.[15]

---

an additional $450,000.00 in legal fees but the legal fees have not been agreed or assessed as required under the Awards.  *See id.* ¶ 27.  Bunge's costs and legal fees have been converted to U.S. dollars from British pounds.

[12]     The total trade representative fees amount to $19,006.54.  *See* Award Nos. 956, 957, 959, 960, and 956, Exs. 6-10 to Petition.  Bunge's trade representative fees have been converted to U.S. dollars from British pounds.

[13]     Award No. 956, Ex. 7 to Petition, at 60 (emphasis added).

[14]     Award No. 965, Ex. 6 to Petition, at 79 (emphasis added).  Bunge erroneously states that the performance deposit in Award No. 965 should be credited "after damages, interest and all costs, fees and expenses of the arbitration are determined" and miscalculates the amount owed under Award No. 965 due to this mistake.  Hardison Decl. ¶ 18.  The amount of the performance deposits in both Awards have been converted to U.S. dollars from Chinese RMB.

[15]     *See* Hardison Decl. ¶ 29.

4

Despite Bunge's demand, San He has not paid any portion of any of the Awards.[16]

## III. APPLICABLE LAW

### A. Confirmation of a Foreign Arbitral Award

The United States and the United Kingdom are both signatories to the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards

("Convention").[17] Under the United States legislation implementing the

Convention:

> Within three years after an arbitral award falling under the
> Convention is made, any party to the arbitration may apply to any
> court having jurisdiction under this chapter for an order
> confirming the award as against any other party to the arbitration.
> The court shall confirm the award unless it finds one of the
> grounds for refusal or deferral of recognition or enforcement of
> the award specified in the said Convention.[18]

Article V of the Convention provides that a court may refuse to confirm or enforce

an arbitral award when:

> (a) The parties to the agreement . . . were, under the law
> applicable to them, under some incapacity, or the said agreement
> is not valid under the law to which the parties have subjected it
> or, failing any indication thereon, under the law of the country
> where the award was made; or

---

[16]  See id. ¶ 30.

[17]  See 21 U.S.T. 2517.

[18]  9 U.S.C. § 207.

5

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.[19]

A court may also refuse to enforce an arbitral award under Article V if "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of [the country where enforcement is sought]" or if "recognition or enforcement of the award would be contrary to the public policy of that country."[20] The party opposing enforcement of the award has the burden of proving that one

---

[19]     21 U.S.T. 2517, art. V(1).

[20]     *Id.* art. V(2).

of the seven Article V defenses applies.[21]  "The burden is a heavy one, as the

showing required to avoid summary confirmance is high" and review of arbitral

awards under the Convention "is very limited in order to avoid undermining the

twin goals of arbitration, namely, settling disputes efficiently and avoiding long

and expensive litigation."[22]

## B. Attorney's Fees

A court may award attorney's fees "pursuant to its inherent equitable

powers . . . when the opposing counsel acts in bad faith, vexatiously, wantonly, or

for oppressive reasons."[23]  In the context of a suit for confirmation of an arbitral

award, "when a challenger refuses to abide by an arbitrator's decision without

justification, attorney's fees and costs may properly be awarded."[24]

## IV.  DISCUSSION

### A.  Confirmation of Award Nos. 956, 957, 959, 960, and 965

---

[21]    *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007).

[22]    *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (quotations and citations omitted).

[23]    *International Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.3d 43, 47 (2d Cir 1985) (quotations and citations omitted).

[24]    *Id.* (citing *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)).

Bunge meets the Convention's requirements for confirmation of Award Nos. 956, 957, 959, 960 and 965. *First*, Bunge's motion for confirmation is within the three year statute of limitations — all five Awards were issued between July 28, 2008 and December 18, 2008. *Second*, this court has jurisdiction to hear Bunge's motion under section 203 of Title 9 of the United States Code, which states "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Third*, San He failed to oppose Bunge's motion. Accordingly, San He has failed to show that any of the Article V defenses apply.

Bunge's motion to confirm the five FOSFA Arbitration Awards against San He is granted. Judgement will be entered in the amount of $37,538,614.43. This amount represents the total due under all five Awards including Bunge's estimated attorney's fees for the arbitrations and interest accrued on the damages to the date of this Opinion and Order. As the Awards direct, interest will continue to accrue on the damages until the date of payment.

**B.    Attorney's Fees**

San He did not present any justification for its failure to comply with

8

the FOSFA arbitrators' decisions.  Therefore, Bunge's request for attorney's fees and costs associated with this confirmation proceeding is granted.

## V.  CONCLUSION

For the reasons set forth above, Bunge's motion to confirm the foreign arbitral awards is hereby granted.  The Clerk of the Court is directed to close this motion (docket # 09 Civ 4708) and this case.  The Clerk is further directed to prepare a final judgment consistent with this Opinion and Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            September 23, 2009

9

- Appearances -

**For Petitioner:**

Alexander Dushan Tripp, Esq.
Eaton & Van Winkle LLP
3 Park Avenue
New York , NY 10016-2078
(212) 779-9910